**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** |
| § | |
| **SPHERATURE INVESTMENTS, LLC,** § | **Case No. 20-42492** |
| ***et al.*,[1] § | **Jointly Administered** |
| § | |
| Debtors. § | |
| § | |
| **JOSEPH M. COLEMAN, AS TRUSTEE** § | |
| **OF THE SPHERATURE** § | |
| **LIQUIDATING TRUST,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | **Adversary Proc. No. _____** |
| § | |
| **PHELPS DUNBAR LLP,** § | |
| § | |
| Defendant. § | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND
FRAUDULENT TRANSFERS AND TO DISALLOW CLAIMS OF DEFENDANT**

Joseph M. Coleman, solely in his capacity as Trustee (the **"Trustee"**) of the Spherature Liquidating Trust (the **"Liquidating Trust"**), successor to Spherature Investments, LLC and its debtor affiliates (collectively, the **"Debtors"**) in the above-captioned bankruptcy case, files this *Complaint to Avoid and Recover Preferential Transfers and Fraudulent Transfers and to Disallow Claims of Defendant* (the **"Complaint"**) against Phelps Dunbar LLP (**"Defendant"**) and, based upon knowledge as to his own acts and otherwise upon information and belief, alleges as follows:

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, include: Spherature Investments LLC f/k/a WorldVentures Holdings, LLC and d/b/a WorldVentures Holdings [5471] (**"Spherature"**); Rovia, LLC [7705] (**"Rovia"**); WorldVentures Marketing Holdings, LLC [3846] (**"WV Marketing Holdings"**); WorldVentures Marketplace, LLC [6264] (**"WV Marketplace"**); WorldVentures Marketing, LLC [3255] (**"WV Marketing"**); and WorldVentures Services, LLC [2220] (**"WV Services"**).

## I.   NATURE OF ACTION

1. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") seeking, *inter alia*, the following relief against Defendant:

   a. Avoidance of the Debtors' pre-petition transfers to Defendant as preferential and/or fraudulent transfers pursuant to 11 U.S.C. §§ 547 and 548;

   b. Avoidance of post-petition transfers to Defendant, if any, pursuant to 11 U.S.C. §§ 549;

   c. Recovery of all avoided transfers pursuant to 11 U.S.C. § 550; and

   d. Disallowance of any claims of Defendant pursuant to 11 U.S.C. § 502(d).

## II.   JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "**Court**"), has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and Bankruptcy Rule 7001, because the Complaint asserts causes of action arising in, arising under, or related to the Debtors' above-captioned bankruptcy cases under Title 11 of the United States Code (the "**Bankruptcy Code**").

3. This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2), because the claims and causes of action set forth herein concern the avoidance and recovery of preferential and fraudulent transfers under sections 547, 548, 549, and 550 of the Bankruptcy Code, as well as the determination, allowance, disallowance, and liquidation of claims under section 502 of the Bankruptcy Code.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.   PARTIES

5. Plaintiff is the duly appointed Trustee of the Spherature Liquidating Trust established pursuant to the Debtors' confirmed Plan (defined below). The Trustee consents to the Court's entry of a final judgment in this matter.

6. Defendant is a limited liability partnership organized under the laws of the State of Louisiana. Defendant may be served with process through its registered agent at the following address:

C. Matthew Terrell
115 Grand Avenue, Suite 222
Southlake, TX 76092

## IV. STATEMENT OF FACTS

7. On December 21, 2020, (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief in this Court under Chapter 11 of the Bankruptcy Code. The Debtors' bankruptcy cases are jointly administered under case number 20-42492.

### A. THE DEBTORS' BUSINESS BACKGROUND

8. Each of the Debtors is a limited liability company organized under the laws of the State of Nevada.

9. Prior to the Petition Date, the Debtors provided access to unique travel and lifestyle experiences through a membership based direct sales business. The Debtors marketed their products and services through a network of independent sales representatives that marketed and sold travel memberships and associate travel packages across multiple subscription levels. The Debtors membership programs offered members access to discounted travel experiences.

10. Additional information regarding the Debtors' history and business operations can be found in the pleadings and declarations filed in the lead bankruptcy case.

### B. THE TRUSTEE'S AUTHORITY TO FILE LAWSUIT

11. On November 12, 2021, the Court entered its *Order Approving Disclosure Statement and Confirming Final Joint Chapter 11 Plan for Spherature Investments LLC and Its Debtor Affiliates* [No. 20-42492, Dkt. #708] (the "**Confirmation Order**") confirming the Debtors' *Final Joint Chapter 11 Plan for Spherature Investments LLC and Its Debtor Affiliates* attached thereto as Exhibit A (the "**Plan**") and approving the Debtors' Disclosure Statement in connection with the Plan [No. 20-42492, Dkt. #446].

12. The Plan became effective on November 12, 2021 (the **"Effective Date"**).

13. The Plan and Confirmation Order provide for creation of the Liquidating Trust and the appointment of a Liquidating Trustee pursuant to the terms of the Liquidating Trust Agreement attached to the Plan as Exhibit 1 (the **"Liquidating Trust Agreement"**). The Liquidating Trust was settled on or about the Effective Date pursuant to the Liquidating Trust Agreement between the Debtors, as settlors, and Joseph M. Coleman, as the duly-appointed Trustee.

14. All of the Debtors' claims and causes of action under Chapter 5 of the Bankruptcy Code (as further described in the Plan, the **"Avoidance Actions"**) are specifically preserved by the Debtors' bankruptcy estates under the Plan. This Court retained jurisdiction to hear and determine all Avoidance Actions under the Plan.

15. As of the Effective Date, all Avoidance Actions vested in the Liquidating Trust and the Trustee succeeded to the Debtors' rights as a plaintiff with respect to all such Avoidance Actions.

16. The Trustee has standing and authority to pursue all Avoidance Actions pursuant to the terms of the Plan, Confirmation Order, and Liquidating Trust Agreement.

C. **PRE-PETITION TRANSFERS TO DEFENDANT**

17. Defendant was a vendor of one or more of the Debtors prior to the Petition Date.

18. Defendant provided goods and/or services to one or more of the Debtors on credit prior to the Petition Date.

19. Specifically, Defendant provided legal services to the Debtors on various matters prior to the Petition Date.

20. On or within 90 days before the Petition Date (the **"Preference Period"**), one or more of the Debtors transferred funds, property, or its interest in property, to or for the benefit of the Defendant by way of checks, cashier checks, wire transfers, or other equivalent. The transfers that

the Trustee seeks to avoid and recover by way of this Complaint are identified on **Exhibit A** attached hereto (each a **"Transfer"** and collectively, the **"Transfers"**).

21. Each Transfer was made to Defendant during the Preference Period for or on account of an antecedent debt owed by the Debtors.

22. The funds comprising each Transfer came from a bank account that was owned by the Debtors, and only money that was owned by the Debtors was deposited into the bank account.

23. Therefore, the money comprising each Transfer was property of the Debtors.

24. The Debtors were insolvent during the Preference Period when each of the Transfers were made.

25. Each of the Transfers was made in satisfaction of an obligation that was not secured by any liens or security interests in the Debtors' property. Defendant was a general unsecured creditor of the Debtors with respect to such obligations.

26. If the Debtors' assets had been liquidated under Chapter 7 of the Bankruptcy Code, general unsecured claims against the Debtors would not have been paid in full.

27. Therefore, the Transfers enabled Defendant to receive more than it would have received in a liquidation under Chapter 7 of the Bankruptcy Code if the Transfers had not been made and Defendant had received payment in accordance with the provisions of the Bankruptcy Code.

D.  **TRUSTEE'S INVESTIGATION OF TRANSFERS**[2]

28. The Trustee and his professionals have investigated each of the Transfers and assessed any defenses that Defendant may have to the causes of action asserted herein.

29. Among other things, the Trustee, through his professionals, has reviewed the Debtors' available books and records to assess whether Defendant may have a defense to avoidance of the

---

[2] As used in this section of the Complaint, the term "Trustee" refers, collectively, to the Trustee and his financial advisors and other professionals retained in accordance with the Liquidating Trust Agreement.

Transfers, or any portion thereof, under 11 U.S.C. § 547(c)(4). To the extent the Trustee believes section 547(c)(4) is applicable, the value of any such "new value" provided by Defendant has been accounted for and is reflected on **Exhibit A**.

30. The Trustee has examined the Debtors' available books and records, including account ledgers and bank statements, to assess the Transfers against the Debtors' historical transactions with Defendant prior to the Preference Period. The Trustee also consulted with the Debtors' former Chief Financial Officer—the acting CFO during and prior to the Preference Period—regarding the specific Transfers and the nature of the Debtors' pre-petition business relationship with Defendant.

31. Based on the Trustee's investigation, the Trustee does not believe Defendant has any defenses to avoidance or recovery of the Transfers.

32. The Debtors were experiencing significant financial distress during the months leading up to the Petition Date, including the Preference Period, which caused them to fall behind on payment obligations and disrupted the manner in which the Debtors ordinarily conducted business with creditors. Due to these circumstances, and other factors affecting the Debtors' business prior to the Petition Date, the Transfers were not made in the ordinary course of business between the Debtors and Defendant, nor were the Transfers made in accordance with ordinary business terms.

33. None of the Transfers were made in exchange for new value contemporaneously provided to the Debtors by Defendant.

34. On or about September 30, 2022, the Trustee sent a written letter to Defendant demanding recovery of the Transfers and requesting all documents and information supporting any defenses to avoidance of the Transfers asserted by Defendant. As of the filing of this Complaint, the Trustee has not received a response to the demand letter.

35. Defendant bears the burden of proof as any defenses to avoidance of the Transfers under 11 U.S.C. § 547(g).

36. The Trustee has analyzed all of the Debtors' readily available information and undertaken reasonable due diligence under the circumstances of this case, and the Trustee has accounted for Defendant's known or reasonably knowable affirmative defenses in bringing the causes of action asserted in this Complaint.

## V. CAUSES OF ACTION

### COUNT I:
### AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 547

37. The Trustee hereby incorporates all of the foregoing and ensuing statements and allegations as if fully set forth herein.

38. The funds comprising each Transfer came from a bank account that was owned by the Debtors, and only money that was owned by the Debtors was deposited into the bank account. Therefore, the money comprising each Transfer was property of the Debtors.

39. At the time of the Transfers, Defendant was a creditor of the Debtors within the meaning of 11 U.S.C. § 101(10)(A) and had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

40. Each of the Transfers was made to or for the benefit of Defendant within the meaning of 11 U.S.C § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtors to Defendant. Accordingly, the Transfers were made for, or on account of, antecedent debts owed by the Debtors before the Transfers were made.

41. The Transfers were made while the Debtors were insolvent because, at the time of each Transfer, the Debtors' liabilities exceeded its assets and/or the Debtors were generally unable to pay its debts as they became due.

42. The Debtors are presumed to have been insolvent at the time of each Transfer under 11 U.S.C. § 547(f).

43. Each of the Transfers was made on or within 90 days before the Petition Date.

44. As a result of the Transfers, Defendant received more than it would have received if (a) the Debtor's bankruptcy cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant had received payment on account of the debt satisfied by the Transfer to the extent provided by the provisions of the Bankruptcy Code.

45. For the foregoing reasons, the Transfers are avoidable as preferential transfers pursuant to 11 U.S.C. § 547(b).

46. The Trustee reserves the right to amend and supplement this Complaint to identify any additional preferential transfers to Defendant that are subsequently discovered during the course of this adversary proceeding.

## COUNT II:
### AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

47. The Trustee hereby incorporates all of the foregoing and ensuing statements and allegations as if fully set forth herein.

48. The funds comprising each Transfer came from a bank account that was owned by the Debtors, and only money that was owned by the Debtors was deposited into the bank account. Accordingly, the money comprising each Transfer was property of the Debtors.

49. The Debtors received less than reasonably equivalent value in exchange for each of the Transfers.

50. The Debtors were insolvent at the time each Transfer was made, or became insolvent as a result of the Transfers.

51. Each Transfer was made when the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction, for which any property remaining with the Debtors was unreasonably small capital.

52. Each Transfer was made when the Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

53. For the foregoing reasons, the Transfers are avoidable as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

54. The Trustee reserves the right to amend and supplement this Complaint to identify any additional fraudulent transfers to Defendant that are subsequently discovered during the course of this adversary proceeding.

## COUNT III:
### RECOVERY OF POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

55. The Trustee hereby incorporates all of the foregoing and ensuing statements and allegations as if fully set forth herein.

56. One or more of the Debtors made transfers to Defendant on account of obligations that arose before the Petition Date.

57. If any transfers to Defendant cleared any Debtor's bank accounts after the Petition Date, those transfers were unauthorized post-petition transfers (the **"Post-Petition Transfers"**) and are avoidable under 11 U.S.C. § 549(a).

58. The Trustee hereby seeks to avoid and recover all such Post-Petition Transfers.

59. The Trustee reserves the right to amend and supplement this Complaint to identify all Post-Petition Transfers discovered during the course of this adversary proceeding.

## COUNT IV:
### RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

60. The Trustee hereby incorporates all of the foregoing and ensuing statements and allegations as if fully set forth herein.

61. The Trustee is entitled to avoid each of the Transfers pursuant to 11 U.S.C. §§ 547 and/or 548 and any Post-Petition Transfers pursuant to 11 U.S.C. § 549.

62. Defendant was the initial transferee of the avoidable Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

63. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant (and any other subsequent transferees) all avoided Transfers and Post-Petition Transfers and, pursuant to Bankruptcy Rule 7054, interest thereon to the date of payment, plus all costs and expenses incurred in connection with this action.

## COUNT V:
### DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

64. The Trustee hereby incorporates all of the foregoing and ensuing statements and allegations as if fully set forth herein.

65. Each of the Transfers is avoidable under Chapter 5 of the Bankruptcy Code for the reasons stated in this Complaint.

66. Defendant is the recipient of the avoidable Transfers and, consequently, an entity from which property is recoverable under 11 U.S.C. § 550(a).

67. Defendant has not paid the Trustee the amount of the avoidable Transfers or turned over such property for which Defendant is liable under 11 U.S.C. § 550.

68. Pursuant to 11 U.S.C. § 502(d), all Claims (as defined by 11 U.S.C. § 101(5), **"Claims"**) of Defendant and/or its assignee against the Debtors' bankruptcy estates or the Liquidating Trust must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the avoidable Transfers, plus interest thereon and costs and expenses.

## COUNT VI:
### RECOVERY OF ATTORNEYS' FEES, EXPENSES, AND COSTS OF COURT

69. The Trustee hereby incorporates all of the foregoing and ensuing statements and allegations as if fully set forth herein.

70. The Trustee requests that the Court award him all reasonable attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding against Defendant to the fullest extent authorized under applicable law.

## VI.    JUDICIAL NOTICE

71. The Trustee requests that the Court take judicial notice of all pleadings, declarations, orders, reports, claims, and other documents filed of record in each of the Debtors' bankruptcy cases, including, without limitation, the Plan, Confirmation Order, and each of the Debtors' Bankruptcy Schedules and Statements of Financial Affairs. All such pleadings, declarations, orders, reports, claims, and other documents are hereby incorporated by reference into this Complaint for all purposes.

## VII.    RESERVATION

72. The Trustee reserves the right to amend or supplement this Complaint for any reason—including, without limitation, (a) to provide further information regarding the Transfers; (b) to include additional transfers subsequently discovered by the Trustee; (c) to modify Defendant's name or include additional defendants, including, without limitation, any mediate or subsequent transferees of the Transfers; (d) to assert additional causes of action under the Bankruptcy Code or other applicable law; and/or (e) to include any other information necessary to support the claims and causes of action asserted herein—and for such amendments or supplements to relate back to this original Complaint. The Trustee further reserves the right to include within the term "Transfers," as used herein, all prepetition transfers from the Debtors to Defendant that may be avoidable under the Bankruptcy Code or other applicable law.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, the Trustee respectfully requests that this Court enter an order or judgment granting the following relief against Defendant:

(i)     avoiding all preferential Transfers to Defendant pursuant to 11 U.S.C. § 547(b);

(ii)     avoiding all fraudulent Transfers to Defendant pursuant to 11 U.S.C. § 548(a)(1)(B);

(iii)     avoiding any Post-Petition Transfers to Defendant pursuant to 11 U.S.C. § 549(a);

(iv)     ordering that the Trustee recover each of the Transfers and Post-Petition Transfers, or the value thereof, from Defendant pursuant to 11 U.S.C. § 550(a);

(v)     awarding the Trustee a judgment against Defendant for the full value of the Transfers in the total amount set forth on **Exhibit A** and all Post-Petition Transfers;

(vi)    awarding the Trustee pre- and post-judgment interest on the foregoing judgment at the maximum legal rate running from the date of the judgment until the date the judgment is paid in full, plus all attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding;

(vii)   disallowing any Claims held by Defendant and/or its assignee, pursuant to 11 U.S.C. § 502(d), until Defendant satisfies the foregoing judgment in full;

(viii)  granting the Trustee such other and further relief, at law or in equity, as the Court deems just and proper.

DATED: December 15, 2022                    Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:    /s/ S. Kyle Woodard
       **S. Kyle Woodard**
       State Bar No. 24102661
       **JaKayla J. DaBera**
       State Bar No. 24129114
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

**ATTORNEYS FOR JOSEPH M. COLEMAN, TRUSTEE OF THE SPHERATURE LIQUIDATING TRUST**